# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILLIAM H. PORTER, INC., a )
Delaware Corporation d/b/a/ Porter )
Chevrolet, )
  )
  )
Plaintiff, )
  ) C.A. No. N23C-07-142 FWW
v. )
  )
KIMBERLY LYNN LUE and )
LANI ELIJAH LUE, jointly and severally, )
  )
Defendants. )

Submitted: November 14, 2023
Decided: November 17, 2023

*Upon Plaintiff William H. Porter, Inc.'s Motion to Assess Legal Fees and Costs,*
**GRANTED.**

## ORDER

Jeffrey M. Weiner, Esquire, 1332 King Street, Wilmington, DE, 19801, Attorney for Plaintiff William H. Porter, Inc..

Kimberly Lynn Lue and Lani Elijah Lue, 7958 Pines Blvd., Suite 209, Pembroke Pine, FL 33024 and/or 7221 Branch Street, Hollywood, FL 33024, Defendants.

**WHARTON, J.**

This 17th day of November 2023, upon consideration of Plaintiff William H. Porter, Inc.'s ("Porter") Motion to Assess Legal Fees and Costs ("Motion"),[1] the response of Defendant Lani Elijah Lue ("Lue"),[2] and the record in this case, it appears to the Court that:

1.      On October 10, 2023, the Court granted Porter's Motion for Judgment on the Pleadings.[3] Porter brought a declaratory judgment action against Lue and Kimberly Lynn Lue (collectively the "Lues") on July 19, 2023.[4] Porter asked the Court to declare 15 *U.S.C.* § 1635 inapplicable to the sale by Porter of a vehicle to the Lues. Alternatively, Porter asked the Court to declare that there was no violation by Porter in connection with that sale and assess Defendant Lani Elijah Lue all costs, expenses and legal fees incurred by Porter in connection his purported exercise of a right of recission.[5]

2.      The Complaint alleged that the Lues purchased a 2022 Chevrolet Camaro from Porter on July 28, 2022 for $52,950 based on a deposit of $12,500 with the Lues independently obtaining financing for the balance which included all

---

[1] Pl.'s Mot. to Assess Legal Fees and Costs, D.I. 14.
[2] Def.'s Rebuttal to Mot., D.I. 16. Although Defendant Kimberly Lynn Lue purported to witness documents included in the Rebuttal, she did not sign them in any other capacity.
[3] *William H. Porter, Inc. v. Lue,* 2023 WL 6849000 (Del. Super. Ct. Oct. 10, 2023).
[4] Compl., D.I. 1.
[5] *Id.*

2

additional fees from a California credit union.[6]  In June 2023, Porter received a number of documents: (1) a purported Right of Recission pursuant to 15 *U.S.C.* § 1635 executed by Lani Elijah Lue only; (2) a executed copy of the Agreement of Sale between Porter and the Lues; and (3) two of the five pages of the Loan and Security Agreements and Disclosure statement the California credit union provided the Lues, identifying a different residence for them than stated in the Agreement of Sale with Porter.[7]  By letter dated June 15, 2023, Porter notified Lani Elijah Lue that it denied any violation of § 1635 and requested him to withdraw the allegation within seven business days of his receipt of its letter, otherwise it would file a declaratory judgment action.[8]  Lani Elijah Lue failed to withdraw the allegation and Porter brought this action.[9]

3.    On August 8, 2023, the Lues filed and Answer, asked the Court to "Take Judicial Notice of Adjudicated Facts, Del. Rule 201," asserted affirmative defenses, and counterclaimed.[10]  The Answer admitted the allegations of each paragraph of the Complaint with some commentary added to three responses.[11] Regarding paragraph 2 which alleged the residences of the Lues, they added, "note

---

[6] *Id.* at ¶ 3.
[7] *Id.* at ¶ 4.
[8] *Id.* at ¶ 5.
[9] *Id.* at ¶ 8.
[9] Defs.' Ans., D.I. 3.
[11] *Id.* at 1-2.

3

the commercial KIMBERLY LYNN LUE and LANI ELIJAH LUE Resident is 7221 BRANCH STREET but the natural man and woman beneficiaries domicile in Broward County and The Peoples of the State of Florida."[12]  They corrected the amount of the deposit alleged in paragraph 3 to $12,150 and alleged that they were unaware of their right of recission.[13]  Finally they conditioned their admission that Lani Elijah Lue did not withdraw his allegation that Porter violated § 1635 as "pending Subject matter jurisdiction."[14]

4.     The portion of their Answer captioned "TAKE JUDICIAL NOTICE OF ADJUDICATED FACTS, DEL., RULE 201" contained two paragraphs.  The first read:

> We, :Lani – Elijah Lue the natural man and Kinberly-Lynn: Lue the natural woman, the Settlor/Trust Protector under declaration of the DE LA FLOR DAISY EXPRESS TRUST d/b/a Kimberly Lynn Lue move the court to take judicial notice of section 1-37, Article IV of the Delaware Constitution of 1897 and I declare full acceptance of members of the legislature, and all officers, executive and judicial to carry out their duties as trustees to the trust indenture to the benefit of the beneficiaries, the People. Furthermore, I state that I am a Floridian Native, a national but not a citizen of the United States (Public Law 94-241, section 302) and one of "The People of the State of Florida" and all the prosecutions shall be conducted in the name and by the authority of same.  The DE LA FLOR DAISY EXPRESS TRUST is a natural person, does not pass the U.S. Court Test nor the U.S. Control Test, as the

---

[12] *Id.* at 1.
[13] *Id.*
[14] *Id.* at 2.

4

Sole Trustee is a non-resident alien, and has the authority to control all substantial decisions of the trust. **THIS MATTER IN EQUITY SHALL NOT BE REGULATED BY THE ADMINISTRATIVE PROCEDURES ACT OR ANY OF ITS AGENCY ACTIONS, WHICH ARE TRIAL-LIKE PROCEDURES AND ARE ARBITRARY AND CAPRICIOUS TO THE 1987 DELAWARE CONSTITUTION.**[15]

The second paragraph under this heading asked the Court to take judicial notice of the Supremacy Clause, Article VI Clauses One and Two of the United States Constitution.[16]

5. The Affirmative Defenses section asked the Court to "TAKE EQUITABLE NOTICE, of Title 18, Part I, Chapter 13, § 242" prohibiting the deprivation under color of law of any persons "rights, privileges and immunities secured or protected by the Constitution or laws of the United States."[17] They requested the assistance of the Attorney General of Delaware, a jury trial, and that "the courts to provide 'personal jurisdiction.'"[18]

6. Their counterclaims asserted that: (1) "We Kimberly- Lynn Lue: and: Lani – Elijah: Lue participated in a consumer credit transaction and not a loan;" (2) Porter requested a downpayment of "**$12,150.00** to secure the vehicle" which was

---

[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.* at 3.

"false and deceptive information to a transaction to which we are the creditors;" (3) Porter never disclosed that they had a right of recission, contractually agreed to liquidated damages in the amount of $0, and added extra taxes and fees while failing to disclose all of Lani Elijah Lue's rights as a consumer; and (4) Porter failed to "disclose and provide all information clearly to me/us as the consumers according to the several U.S. codes and U.C.C. Codes."[19] They – "the defendant :Lani – Elijah: Lue the natural man and :Kimberly – Lynn :Lue the natural woman, the Settlor/Trust Protector under declaration of the DE LA FLOR DAISY EXPRESS TRUST d/b/a Kimberly Lynn Lue" - request relief in the amount of $15,000 for Porter's "deceptive practices."[20] The document was signed ":Kim-Lynn: Lue."[21]

7. Porter moved for judgment on the pleadings on both the Complaint and Counterclaims on September 1, 2023.[22] After laying out the facts as set out in the Complaint, Porter asserted that it was entitled to a default judgment because neither defendant signed the purported Answer individually.[23] Rather, Kimberly Lynn Lue signed as "Settlor/Trust Protector of a trust that is not a party to the sale of the

---

[19] *Id.*
[20] *Id*. at 4.
[21] *Id.*
[22] Pl.'s Mot. for Judg. on Pleadings, D.I. 8.
[23] *Id*. at ¶ 6.

vehicle.[24] Alternatively, even if the trust were a party, it could only appear through a Delaware attorney.[25]

8. Regarding the Lue's § 1635 allegation, Porter pointed out that the Lues failed to cite any subsection of that statute applicable to a cash sale/purchase such as the sale here, nor did § 1635 contain any such subsection.[26] Further, because the Lues obtained financing through an independent source, any claims for failure to disclose and/or for recission would be against their lender.[27]

9. The motion then addressed the Counterclaims. First, it characterized the Lues' reference to the liquidated damages provision in the Agreement of Sale/Purchase as a "last ditch attempt to establish a right of cancellation."[28] Porter cited the Additional Terms and Conditions portion of the Agreement limiting the Lues' right to cancel to the circumstance where the manufacturer increases the purchase price.[29] Regarding the Lues' claim of a lack of personal jurisdiction based on the "Sole Trustee" being a non-resident alien, Porter pointed out that the "Sole Trustee" was not a party to the transaction and that its Complaint alleges a Delaware transaction with the Lues individually subject to personal jurisdiction under 10 *Del.*

---

[24] *Id.*
[25] *Id.*
[26] *Id. at* ¶ 7.
[27] *Id.*
[28] *Id.* at ¶ 8.
[29] *Id.*

7

*C.* § 3104.[30]  Porter next argued that the Lues had not properly asserted their right to a jury trial.[31]  Finally, Porter denied that the Lues had any right to the assistance of the Attorney General.[32]

10.    Consistent with the Court's direction, the Lues responded on September 27th.[33]  That response was entitled **"DEFENDANT d/b/a LANI ELIJAH LUE©, KIMBRLY LYNN LUE© AND DAISY DELAFLOR TRUST RESPOND TO PLAINTIFF complaints and COUNTERCLAIM.[34]**  The introductory section read as follows:

> I Kimberly Lynn Lue© the living Woman and I Lani Elijah Lue the living Man file this Motion for relief for harm done.
>
> Please **Note** DE LA FLOR DAISY EXPRESS TRUST is the secured party of the Trade-Name/Trademark and Copyright/Copy-hold Claims, Estate, Trust Registered Holder, Owner-in-Fact, of the Names Kimberly Lynn Lue family of Lue (Estate) KIMBERLY LYNN LUE, LANI ELIJAH LUE, Lani Elijah Lue, Kimberly Lynn Lue, and any deratives [sic] thereof.  Any misuse of the names will result in a fine.  Please refrain from further use.
> Please forward all inquiries to
>           Makes check or money order payable to:
> **DE LA FLOR DAISY EXP TR**
> **c/o Kimberly-Lynn: Lue**
> **7958 Pines Blvd. Suite 209**

---

[30] *Id.* at ⁋ 9.
[31] *Id.* at ⁋ 10.
[32] *Id.* at ⁋ 11.
[33] Defs.' Resp., D.I. 11/12.
[34] *Id.*

8

**Pembroke Pines, Florida 33024**[35]

The balance of the Response was not so much a response to the motion as it was a somewhat modified replication of the Lues' Answer and Counterclaim. A request to take judicial notice of adjudicated facts appeared to be identical.[36]

11.     In the Affirmative Defenses section, the Lues repeated their admissions to the allegations in each of the numbered paragraphs of the Complaint, but added additional language to some of their previous answers.[37] Specifically, they: (1) stated that Porter held the $12,150 deposit under duress; (2) took the language from the Take Judicial Notice section regarding the DE LA FLOR DAISY EXPRESS TRUST and added that Kimberly Lynn Lue was "co-trustee with limited fill-in;" (3) repeated the claims regarding DE LA FLOR DAISY EXPRESS TRUST made in the introductory section of their Response; and (4) expanded on their personal jurisdiction caveat, by citing § 1635, "3-305. DEFENSES AND CLAIMS IN RECOUPMENT, (a-f);" and a definition of duress.[38]

12.     In the Counterclaims section of their Response, the Lues stated they are not terminating the contract, they were "simply requesting to reimbursement [sic] of

---

[35] *Id.*

[36] Defs' Resp. at 1-2, D.I. 11/12.
[37] *Id.* at 2-3.
[38] *Id.*

my Down Payment of $12,150 and all other unnecessary fee charges."[39]  They requested that "the courts to provide 'personal jurisdiction,'" and repeated their assertion of a right to a jury trial and their request for the assistance of the Delaware Attorney General, all now denominated as counterclaims.[40]  They repeated and re-alleged a right of recission and that Porter held their deposit under duress.[41]

13.    Before it discussed the merits of Porter's motion, the Court found it useful to make certain things plain: it reaffirmed that the matter was a declaratory judgment action based upon the sale of an automobile by Porter to the Lues; the defendants were Kimberly Lynn Lue and Lani Elijah Lue; the Lues' insertion of punctuation marks in their names and assertion of copyrights, trademarks and trusts did nothing to change their status as individual defendants; and the DE LA FLOR DAISY EXPRESS TRUST, to the extent it actually existed, was not a party to this lawsuit and had no role to play in it.[42]  The Court noted that it had previously described such machinations in another case as an "attempt to litigate by legerdemain" and disregarded them.[43]  It found that description apt in this case as well.[44]  Moreover, the Court found that if it were to recognize any of these purported

---

[39] *Id.*
[40] *Id.* at 3-4.
[41] *Id.* at 4.
[42] *Porter,* 2023 WL 6849000 at *4.
[43] *Id.* (citing *Freedom Mortgage Corporation v. Rayfield,* 2023 WL 2134977 at *2 (Del. Super. Ct. Feb. 17, 2023)).
[44] *Id.*

10

entities as representing the Lues, it would be required to treat the motion as unopposed.[45] Therefore, the Court treated the Answer to the Complaint and the Response to the Motion as *pro se* filings of the Lues and addressed the motion accordingly.

14. When it turned to the motion, the Court first observed that the Lues admitted each factual allegation of the Complaint in their Answer.[46] Thus, it appeared from the Answer that the only things the Lues disputed were the amount of the deposit, whether they were advised of a right of recission under § 1635, and whether this Court had subject matter jurisdiction. Because the Lues admitted all of the allegations in the Complaint, the amount of the deposit was immaterial, § 1635 was inapplicable, subject matter jurisdiction was established, and the criteria for declaratory judgment were met, the Court found that there was no genuine issue of material fact and Porter was entitled to judgment as a matter of law on its Complaint. Similarly, because the Lues' Counterclaims were predicated upon a claimed right of recission, the Court found that Porter was entitled to Judgment as a Matter of Law on the Lues' Counterclaims as well. Accordingly, the Court granted Porter's Motion

---

[45] *Id.* (quoting *Freedom,* 2023 WL 2134977 at n. 26, "Were the Court to recognize 'verlyn-theresa: rayfield-bey' as a representative of Defendant Verlyn Rayfield, and not as the Defendant herself, it would not be able to entertain the motion at all, inasmuch as non-attorneys are prohibited from representing individual litigants in Delaware courts.")

[46] *Id.* at *5.

for Judgment as a Matter of Law.

15. In its prayers for relief in both its Complaint and Motion for Judgment on the Pleadings, Porter asked the Court to assess Defendant Lani Elijah Lue "all costs, expenses and legal fees pursuant to Civil Rule 11 incurred by Plaintiff Porter attributable to and arising out of his purported Right of Recission."[47] Superior Court Civil Rule 11(c) authorizes the Court to impose sanctions upon a party for violations of Rule 11(b) after notice and a reasonable opportunity to respond.[48] The Court declined to initiate such action on its own, but stated that it would entertain a separate motion complying with Rule 11(c)(1)(A) should Porter elect to file one.[49]

16. Porter has now filed such a motion[50] to which Defendant Lani Elijah Lue has responded.[51] The Motion incorporates the Court's Order granting Porter's Motion for Judgment on the Pleadings and submits that the Lues "asserted claims that were frivolous or unwarranted by existing law."[52] It cites Porter's effort to induce the Lues to withdraw their letter asserting a right of recission regarding the Lues' purchase of the vehicle from Porter,[53] as well as the actions Porter took when

---

[47] Compl., at 3, D.I. 1.; Pl.'s Mot. for Judg. on Pleadings, at 6, D.I.8.
[48] Super. Ct. Civ. R. 11(c).
[49] *Porter,* 2023 WL 6849000 at *6.
[50] Pl.'s Mot. to Assess Fees and Costs, D.I. 14.
[51] Def.'s Rebuttal to Mot., D.I. 16.
[52] Pl.'s Mot. to Assess Fees and Costs, at ⁋ 2.
[53] *Id.*

the Lues failed to withdraw their recission notice.[54] Those actions and the associated fees, supported by counsel's affidavit, are; (1) preparation of the Complaint ($600.00); (2) preparation and perfection of notices pursuant to 10 *Del. C.* § 3104 ($200.00); (3) preparation of a Motion for Judgment on the Pleadings and a Reply to the Lue's Counterclaim ($1,700 in attorney's fees and $680.00 in law clerk fees); and (4) "multiple miscellaneous matters such as confirmation of receipt of notice, return of service, etc." ($720.00).[55] Porter does not seek attorney's fees in connection with its letter asking the Lue to withdraw his allegations.[56] The Motion further cites the Lues' "obfuscation" after admitting the material facts "by asserting trademarks, copyrights, trusts, requesting intervention by the Attorney General of Delaware, demanding trial by jury…etc."[57] Porter claims that without the accountability and deterrence of sanctions in the form of an award of fees, Porter will have incurred thousands of dollars in fees due to the Lues' failure to withdraw their frivolous notice of recission.[58] Porter asks for $3,920.00 if fees and $243.20 in court costs ($224.50 filing fee and $18.70 miscellaneous costs) that it paid.

17. Only Defendant Lani Elijah Lue submitted a response.[59] The response

---

[54] *Id.* at ¶ 3.
[55] *Id.*
[56] *Id.*
[57] *Id.* at ¶ 4.
[58] *Id.* at ¶ 5.
[59] Def.'s Rebuttal to Mot., D.I. 16.

consists of four pages and a certificate of service.[60]  The first two pages are headed

"**AFFIDAVIT OF TRUTH**."[61]  The first page is a preamble that does not address

Porter's Motion in any substantive way.[62]

18.    Page two begins:

> "Lani" of the "Lue" family (Beneficiary)
>
> WITHOUT PREJUDICE UCC 1-308, i.e. all Natural Inalienable Rights Reserved
>
> Please address all future correspondence in the matter to a direct Human Self, namely "Lani" of the "Lue" family, as commonly called.[63]

After that are five incorrectly numbered paragraphs – 1, 4, 5, 6, and 7.[64]  The first

simply attests to the affiants competence to state the matters in the affidavit.[65]  The

second, misnumbered "4," states, "THAT the governing law of this private contract

is the agreement of the parties supported by the Law Merchant and applicable

maxims of law."[66]  The third, misnumbered "5," states, " THAT Affiant at no time

has willingly, knowingly, intentionally, or voluntarily agreed to subordinate their

---

[60] *Id.*
[61] *Id.* at 1-2.
[62] *Id.* at 1.
[63] *Id.* at 2.
[64] *Id.*
[65] *Id.*
[66] *Id.*

14

position as creditor , through signature, or words, actions, or inaction's [sic]."[67]  The fourth, misnumbered "6," states "THAT Affiant at no time requested or accepted extraordinary benefits or privileges from the Respondent, the United States, or any subdivision thereof."[68]  The last paragraph, misnumbered "7," states, "THAT Affiant is not a party to a valid contract with Respondent that requires Affiant to perform in any manner, including but not limited to the payment of money to Respondent."[69]  It is dated November 7, 2023, signed "Lani – Elijah : Lue," notarized, witnessed by Defendant Kimberly Lynn Lue in the form "Kimberly – Lynn : Lue," and another person.[70]

19.    The third page is captioned Motion to Assess Legal Fees and Costs signed Lani Elijah Lue.[71]  Page three consists of three paragraphs.  The first asserts that Porter brought this action and should be responsible for all costs and fees and that Lue's intention to warn Porter of "the wrong that was done to me and my family" and for "a honorable resolution" by Porter.[72]   The second reasserts his belief that Porter failed to "clearly & conspicuously disclose all of my rights as a consumer

---

[67] *Id.*
[68] *Id.*
[69] *Id.*
[70] *Id.*
[71] *Id.* at 3.
[72] *Id.*

15

including but not limited to my right of recission."[73]   Finally, the third paragraph asserts that Porter accepted a downpayment of $12,150 cash and that it is his strong belief that Porter "willfully violated" the law in failing to disclose information to him as a consumer and retaining his deposit under duress unfairly forcing him to find financing or lose his deposit.[74]

20.   Page four is a form of order for the Court's signature.[75]   It recites that: (1) there is no legal basis to assess fees against Lue; (2) there is insufficient evidence to support an assessment of fees; (3) "[h]uman errors and misinterpretations of the facts may have contributed to the issuance of the court order;" (4) assessing fees against Lue would cause him a financial hardship; (5) the Court should review his case "to ascertain the validity of the fees and his responsibility for them."[76]

21.   Rule 11(c) allows for sanctions to be imposed for violations of Rule 11(b)[77] which include filing a pleading for an improper purpose, submitting claims or defenses that are frivolous or unwarranted by existing law, making allegations without evidentiary support, or denying factual contentions without a factual basis to so.[78]   Imposition of sanctions may be initiated either by a separate motion

---

[73] *Id.*
[74] *Id.*
[75] *Id.* at 4.
[76] *Id.*
[77] Super Ct. Civ. R. 11(c).
[78] Super. Ct. Civ. R. 11(b).

16

describing the conduct alleged to have violated Rule 11(b)[79] or on the Court's initiative.[80]  Sanctions for violations of Rule 11(b) are limited to what is sufficient "to deter repetition of such conduct or comparable conduct by others similarly situated."[81]  If imposed pursuant to a motion and warranted for effective deterrence, sanctions may include an order "directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation."[82]

22.    In order to impose the sanctions as requested by Porter's Motion, the Court must find that the Lues submitted claims or defenses that were frivolous or unsupported by existing law, that such sanctions are limited to what is sufficient to deter repetition of the conduct by the Lues or comparable conduct by others similarly situated, and that Porter's costs and attorney's fees were reasonable and incurred as a direct result of the Lues' violation of Rule 11(b).  The Court makes all of those findings and grants the Motion.[83]

23.    First, the *casus belli* of this litigation was Lani Elijah Lue's failure to withdraw his frivolous and legally unsupported notice of recission.  In that notice,

---

[79] Super. Ct. Civ. R. 11(c)(1)(A),
[80] Super. Ct. Civ. R. 11(c)(1)(B).
[81] Super. Ct. Civ. R. 11(c)(2).
[82] *Id.*
[83] Although Lani Elijah Lue authored the Notice of Recission and Porter's initial letter was directed to him alone, Kimberly Lynn Lue's substantial participation in advancing their frivolous and unsupported claims warrants sanctioning her as well.

Lue accused Porter of fraud and various violations of law and demanded reimbursement of his down payment of $12,150.[84] There was no legally justifiable basis for this allegation.[85] Whether the notice simply was a demand for money, a precursor to litigation against Porter, an effort to lay down a marker in order to enmesh Porter in litigation between the Lues and their lender, or something else, it was certainly reasonable and prudent for Porter to take prophylactic steps to avoid any of those things. Accordingly, Porter requested that Lue withdraw his allegations against Porter or face a declaratory judgment action.[86] Lue's failure to withdraw the allegation resulted in Porter initiating this action.

24. As outlined at length in the Court's order granting declaratory judgment and again here, the Lues have engaged in litigation by legerdemain. Despite admitting all of the allegations in Porter's Complaint, they counterclaimed. The counterclaim is frivolous, contains factually false statements, and is unsupported by existing law. It asserts, *inter alia*, that the Lues "participated in a consumer credit transaction and not a loan;" that their downpayment was "false and deceptive information to a transaction to which we [the Lues] are the creditors;" and that Porter failed to disclose they had a right of recission and violated "several U.S. codes and

---

[84] Compl., Ex. A, D.I. 1.
[85] *See, Porter,* 2023 WL 6849000 at *5.
[86] Compl., Ex. B, D.I. 1.

18

U.C.C. codes."[87] It requests relief in the amount of $15,000 for Porter's "deceptive practices."[88] By counterclaiming in the manner in which they did, the Lues caused Porter needless expense in answering that counterclaim.

25. All of the Lues' filings – their Answer to the Complaint, Counterclaim and Affirmative Defenses, their response to the Motion for Judgment on the Pleadings and their response to this Motion - are rife with injections of patently spurious claims and issues. For example, they attempt to avoid personal responsibility by asking the Court to "TAKE JUDICIAL NOTICE OF ADJUDICATED FACTS" that they are the "Settler/Trust Protector under the declaration of the DE LA FLOR DAISY EXPRESS TRUST" and that the Trust, "is a natural person, does not pass the U.S. Court Test, nor U.S. Control Test as the Sole Trustee is a non-resident alien, and has the authority to control all substantial decisions of the trust."[89] In addition to the "Trust" they assert copyrights and trademarks and seek the assistance of the Attorney General of Delaware.[90]

26. Having determined that the Lues violated Rule 11(b), the Court turns to the appropriate sanction under Rule 11(c), bearing in mind that the sanction must be limited to what is necessary to deter repetition by the Lues or others similarly

---

[87] Defs.' Ans. at 3, D.I. 3.
[88] *Id*. at 4.
[89] *Id.* at 2.
[90] *Id.*

19

situated. Here the Court finds that a sanction requiring the Lues to pay Porter's reasonable attorney's fees and expenses satisfies that limitation. The Court is confident that the imposition of such a sanction will deter the Lues from making further baseless claims against Porter or others with whom they engage in commercial transactions. The Court is less sanguine that the sanction is sufficient to have a deterrent effect on other litigants who similarly subscribe to the pernicious notion that they can avoid personal responsibility by claiming the existence of spurious alter ego trusts.[91] Finally, the Court finds the amount of attorney's fees and costs reasonable and incurred as a direct result of the Lues' violation of Rule 11(b).

**THEREFORE,** Plaintiff William H. Porter, Inc.'s Motion to Assess Fees and Costs is **GRANTED**. Pursuant to Superior Court Civil Rule 11(c), Defendants Kimberly Lynn Lue and Lani Elijah Lue are assessed $3,920.00 in attorney's fees and $243.20 in costs. Judgment is entered in favor of Plaintiff William H. Porter, Inc. and against Kimberly Lynn Lue and Lani Elijah Lue, jointly and severally, in the amount of $4,163.20.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[91] *See, Freedom,* 2023 WL 2134977.